NICHOLAS J. HOFFMAN (SBN 284472)
*nhoffman@mcguirewoods.com*
McGUIREWOODS LLP
Wells Fargo Center - South Tower
355 S. Grand Ave., Suite 4200
Los Angeles, CA 90071
Telephone: 213.627.2268
Facsimile: 213.627.2579

Attorneys for Defendant,
KEURIG GREEN MOUNTAIN, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA GROFF, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>KEURIG GREEN MOUNTAIN, INC., a Delaware corporation,<br><br>　　　　Defendant. | DOCKET NO.<br><br>**DEFENDANT KEURIG GREEN MOUNTAIN, INC.'S NOTICE OF REMOVAL**<br><br>From the Superior Court of the State of California, County of San Bernardino, Case No. CIVSB2228148 |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Keurig Green Mountain, Inc. removes the above-entitled action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, Eastern Division, on the grounds of original jurisdiction under the Class Action Fairness Act ("CAFA"). In support of this Notice of Removal, and in accordance with 28 U.S.C. § 1446, Keurig Green Mountain, Inc. states as follows:

## PROCEDURAL BACKGROUND

1. Plaintiff Christina Groff sued Keurig in the Superior Court of California, County of San Bernardino, on November 29, 2022, caption *Christina Groff v. Keurig Green Mountain, Inc.*, Case Number CIVSB2228148 ("State Court Action").

2. The original complaint stated only a single cause of action under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*

3. Plaintiff alleged that the state court had exclusive jurisdiction over that MMWA claim under 15 U.S.C. § 2310.[1]

4. The parties met and conferred on Keurig's anticipated demurrer for failure to state an MMWA claim. The parties agreed that, rather than Keurig file its demurrer, Plaintiff would file an amended complaint.

5. Plaintiff then filed an amended complaint in the Superior Court of the State of California, County of San Bernardino, on June 30, 2023.

6. The amended complaint no longer asserts a cause of action under the MMWA. Instead, Plaintiff asserts two claims under California's Unfair Competition Law ("UCL").

7. Plaintiff no longer alleges that state court has exclusive jurisdiction over

---

[1] Keurig recognizes that the Ninth Circuit has issued an opinion that appears to hold as much. *See Floyd v. American Honda Motor Co.*, 966 F.3d 1027 (9th Cir. 2020). Keurig maintains that *Floyd* was incorrectly decided but acknowledges that *Floyd* would likely govern this Court's review of any removal of an MMWA claim.

her claims in the amended complaint.

8. Plaintiff has not yet served Keurig with her amended complaint.

9. Removal of the State Court Action is timely because "the case stated by the initial pleading [was] not removable," and Keurig has not yet received, "through service or otherwise," a copy of the filed amended complaint, which is the pleading "from which it may first be ascertained that the case is one which . . . has become removable." 28 U.S.C. § 1446(b)(3); *see* 28 U.S.C. § 1453(b); Fed. R. Civ. P. 6(a).

10. If Plaintiff were to argue that mere filing of the amended complaint, without service on Keurig of that amended pleading, started the 30-day clock to remove under 28 U.S.C. § 1446(b)—which is a legally incorrect view—removal of the State Court Action is still timely because it is being accomplished within 30 days of that June 30, 2023, filing. *See* 28 U.S.C. § 1446(b)(3); Fed. R. Civ. P. 6.

11. Under 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on Keurig, as well as the electronic docket sheet and all items filed on the State Court Action docket that Keurig was able to access after receiving service of the complaint are attached as **Exhibit 1**.

### VENUE

12. Venue lies in this Court because the action was originally filed in San Bernardino County, California, which is within the geographic boundaries of the United States District Court for the Central District of California, Eastern Division. *See* 28 U.S.C. §§ 84(c)(1), 1441(a).

### NOTICE

13. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Keurig will file a Notice of Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Bernardino, and will attach a copy of this Notice of Removal (and all exhibits) thereto. A copy of the Notice of Notice of Removal (without exhibits) is attached as **Exhibit 2**.

## GROUNDS FOR REMOVAL

14. Plaintiff alleges that Keurig should be held liable because, as she reads it, Keurig's limited warranty is voided if she were to "use third-party repair services to fix" her Keurig product. Am. Compl. ¶ 4. Plaintiff brings two UCL claims based on this alleged wrong. *See id.* ¶¶ 61-80. Her first UCL claim, based on the "unlawful prong," alleges that Keurig's conduct violates the MMWA. *Id.* ¶¶ 64-66. Her second UCL claim, based on the "unfair prong," alleges that Keurig's conduct is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," as well as contrary to public policy. *Id.* ¶¶ 73-76.

15. Plaintiff brings her claims on a putative class basis under California Code of Civil Procedure § 382. *See id.* ¶¶ 48-60.

16. For relief, Plaintiff seeks for herself and all putative class members: restitution, "injunctive relief to ensure [Keurig] no longer illegally conditions its warranties on the exclusion of third-party repair," "an order enjoining [Keurig] from continuing to make material misrepresentations and omissions to California consumers as to their warranty rights," "all . . . other equitable relief sought," "all costs, including experts' fees, attorneys' fees, and the costs of prosecuting this action," and "other legal and equitable relief as the Court may deem appropriate." *Id.* ¶¶ 54(iii), 54(iv), 70-71, 79-80, Prayer for Relief ¶ (d)-(g).

**I.   This case is removable under CAFA.**

17. Plaintiff asks a court to "[c]ertify this case as a class action" under California Code of Civil Procedure § 382. *See id.* ¶ 49, Prayer for Relief ¶ (a). "There [can be] no dispute the present action is a 'class action' within CAFA, as the action contains class allegations under California Code of Civil Procedure § 382." *Perea v. Fedex Ground Package System, Inc.*, 2020 WL 3989686, *2 (S.D. Cal. July 15, 2020).

18. "CAFA significantly expanded federal jurisdiction in diversity class actions." *Jauregui v. Roadrunner Transportation Services, Inc.*, 28 F.4th 989, 992 (9th Cir. 2022). Congress "designed [CAFA] to restore the intent of the framers of

the United States Constitution by providing for [f]ederal court consideration of interstate cases of national importance under diversity jurisdiction." *Id*. In short, CAFA "was enacted to facilitate adjudication of certain class actions in federal court." *Id*. at 993. To that end, "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id*. There is "no antiremoval presumption [that] attends cases invoking CAFA." *Id*. at 992-93.

19. The following facts establish that this Court has jurisdiction under CAFA, making removal proper. *See Dart Cherokee Basin Operation Co. v. Owens*, 574 U.S. 81, 89 (2014) (a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). Although the Notice of Removal "need not contain evidentiary submissions," *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018), Keurig reserves the right to submit evidence supporting CAFA jurisdiction if challenged by Plaintiff or requested by the Court. *See Dart*, 574 U.S. at 89.

**A. The proposed class exceeds 100 members.**

20. A class action subject to CAFA jurisdiction must have a proposed class with more than 100 members. 28 U.S.C. § 1332(d)(5)(B).

21. Plaintiff proposes a class comprised of "[a]ll citizens of California who purchased a product subject to [Keurig's] Warranty within the Class Period." Am. Compl. ¶ 55. Plaintiff clarifies that "Class Period" "means from November 29, 2022[,] through the date of class certification." *Id*. ¶ 55, n.26.

22. Plaintiff's lawsuit focuses on Keurig's one-year limited warranty, which applies to all of Keurig's non-commercial brewers ("Class Products"). *See id*. ¶ 2.

23. Keurig sold more than ████████[2] Class Products to consumers and distributors in California during the Class Period. This figure far exceeds the 100-

---

[2] Keurig will move to file this and related information under seal.

person threshold.

24.   It is implausible that 100 or less people purchased more than ▮▮▮▮ Class Products during the Class Period. *See Hawary v. State Farm Mutual Auto. Ins. Co.*, 2022 WL 3684582, *3 (C.D. Cal. Aug. 25, 2022) ("a district court does not have to suspend reality of shelve common sense" when determining jurisdiction).

25.   Indeed, Plaintiff "reasonably estimates that the [c]lass is likely to include over a thousand members." Am. Compl. ¶ 53. A plaintiff's allegation of class size in the complaint "sufficiently establishes the requisite class size" for purposes of removal. *Williams v. Dollar General Corporation*, 2023 WL 2703998, *4 (M.D. Ala. Mar. 29, 2023).

26.   The putative class therefore has more than 100 members.

**B. There is minimal diversity.**

27.   CAFA jurisdiction extends to those class actions "in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). This is the "minimal diversity" requirement. *Ehrman v. Cox Communications, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019).

28.   Plaintiff alleges that she is a resident of California. Am. Compl. ¶ 9. Residency is not citizenship. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005). However, Plaintiff also seeks to be the representative of a putative class of California *citizens* and alleges that she "is a member of the [c]lasses she seeks to represent." Am. Compl. ¶¶ 50, 55. Plaintiff therefore pleads, obliquely, that she is a citizen of California.

29.   Additionally, the putative class itself is filled with only California citizens. *Id.* ¶ 50.

30.   Keurig is a Delaware corporation with its principal places of business in Massachusetts and Texas. *See* Am. Compl. ¶ 10. It is therefore a citizen of Delaware, Massachusetts, and Texas. 28 U.S.C. § 1332(c)(1).

31.   Minimal diversity exists because Plaintiff and all putative class members

are a citizen of a different state than Keurig. *See* 28 U.S.C. § 1332(d)(2)(A).

**C. The amount in controversy exceeds $5,000,000.**

32. CAFA jurisdiction extends to "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

33. At the outset, Keurig maintains that class certification is inappropriate and Plaintiff's claims should be dismissed with prejudice. Nonetheless, based on the allegations and claims in Plaintiff's putative class action amended complaint, Keurig has a good-faith basis to plausibly estimate that the amount in controversy exceeds $5,000,000 and therefore satisfies CAFA's jurisdictional threshold.

34. Plaintiff has not specified an amount in controversy but seeks restitution, injunctive, declaratory, and equitable relief, as well as attorneys' fees. *See, e.g.*, Am. Compl., Prayer for Relief ¶¶ (d)-(f).

35. Because Plaintiff "prepared a complaint that does not assert the amount in controversy," Keurig "can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015). If Plaintiff moves to remand and challenges these assertions, Keurig will "put forward evidence showing that the amount in controversy exceeds $5 million . . . and to persuade the [C]ourt that the estimate of [amount] in controversy is a reasonable one." *Id.* at 1197.

36. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C § 1332(d)(6).

37. Moreover, the Court may use "either viewpoint," from Plaintiff's or Keurig's perspective, to assess the amount in controversy. *See Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1159-60 (C.D. Cal. 2013); *see also* S. Comm. on the Judiciary, Class Action Fairness Act of 2005, S. Rep. No. 109-14, at 42 (Feb. 28, 2005) ("[T]he Committee intends that a matter be subject to federal

jurisdiction under this provision if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief).").

### 1. Restitution.

38. Under both UCL claims, Plaintiff seeks an award of "restitution of the money wrongfully acquired by [Keurig]." Am. Compl. ¶¶ 71, 80. Plaintiff alleges that Keurig "wrongfully acquired" the full purchase price of the Class Products. *Id.* ¶¶ 45-46, 54(iii).

39. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Keurig must only show "that Plaintiff is seeking recovery from a pot that . . . *could* exceed $5 million." *Id.* at 401 (emphasis added).

40. When, like here, a plaintiff seeks an unspecified value as restitution for buying a product, the sales for that product are added to the amount in controversy. *See, e.g., Turcious v. Carma Laboratories, Inc.*, 2012 WL 12893989, *2 (C.D. Cal. Dec. 13, 2012) ("The Court is satisfied that the amount in controversy is met here based on the level of gross sales as a measure of possible restitution.").

41. Because Plaintiff's request for restitution therefore takes aim at the purchase price of the relevant products without specifying the value of that requested restitution, restitution is calculated as the sales value of the products. *See, e.g., id.* at *3 (in a UCL case seeking restitution, holding that "the total amount at issue should be based on gross sales" rather than any differential "between the [allegedly wrongful] premium price the plaintiff class paid . . . as compared to the price the Plaintiff class would have paid for a substitute product"); *Heejin Lim v. Helio, LLC*, 2012 WL 359304, *3 (C.D. Cal. Feb. 2, 2012) (similar); *see also Biendara v. RCI, LLC*, 2011 WL 13137567, *5 (C.D. Cal. Jan. 24, 2011) (when the plaintiff's damages were based

on an alleged, unspecified "diminished value" in a purchased service, valuing the amount in controversy based on the total amount paid for that service).

42. The sales for the Class Products to consumers and distributors in California was over ▮▮▮▮▮▮▮ during the Class Period. This is the "pot" from which Plaintiff seeks recovery, *Lewis*, 627 F.3d at 400, and it is orders of magnitude larger than $5,000,000.

43. Even if the Court were to suppose that only some unidentified percentage of this ▮▮▮▮▮▮▮-plus pot would be subject to restitution, that this pot exceeds $5,000,000 by orders of magnitude confirms that Plaintiff's request for class-wide restitution satisfies the amount-in-controversy requirement. *See id.* at 401 (when the plaintiff sought "recovery from a pot that Defendant has shown could exceed" $5,000,000, and the plaintiff did not plead or prove facts showing that the class recovery would be less than $5,000,000, amount in controversy was satisfied).

44. Plaintiff's request for class-wide restitution, alone, exceeds $5 million.

**2. Declaratory relief.**

45. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017).

46. By challenging the validity of Keurig's one-year limited warranty, rather than whether it applies to a particular occurrence, Plaintiff puts the full value of that warranty in controversy. *See Home Ins. Co. of N.Y. v. Trotter*, 130 F.2d 800, 803 (8th Cir. 1942) ("where in [declaratory judgment] actions the relief sought is a declaration of the validity or invalidity of a contract, the value of the contract determines the amount in controversy for the purpose of determining jurisdiction"); *Albino v. Standard Ins. Co.*, 349 F. Supp. 2d 1334, 1339 (C.D. Cal. 2004) (future contractual benefits not part of the amount in controversy when "the controversy is the extent of coverage," but future contractual benefits are calculated when "the very validity of the insurance contract is challenged").

8
NOTICE OF REMOVAL

47. The face value of the one-year limited warranty is calculated two ways:

    a. From the perspective of Plaintiff and the putative class, the face value is the value of the warranty service. Because Keurig does not repair Class Products under the warranty, but replaces them, the value of any warranty claim is the value of a new, replacement Class Product. From this perspective, the face value of the limited warranty is the sales for the Class Products—which exceeds $5,000,000 as addressed above.

    b. From the perspective of Keurig, the face value is the cost of the warranty service. From this perspective, the face value of the limited warranty can be calculated by multiplying the average replacement cost for the Class Products by the number of Class Products. This value exceeds ▮▮▮▮—another figure that is orders of magnitude greater than $5,000,000.

    c. Even if Keurig's actual costs for honoring warranty claims for the Class Products during the Class Period were removed from either calculation, both valuations would still greatly exceed $5,000,000.

48. Similarly, by seeking to declare invalid Keurig's limitation of coverage provision in the limited warranty, Plaintiff would force Keurig to cover all third-party repair services. *See* Am. Compl. ¶¶ 25-26, 35. The value of such a benefit is, essentially, the face value of the limited warranty. That face value is addressed above.

**3. Injunctive relief.**

49. "Under [the] either viewpoint rule, whichever party stands to gain or lose a greater amount is the one whose viewpoint is taken into account for jurisdictional purposes." *Lokey v. CVS Pharmacy, Inc.*, 2020 WL 5569705, *5 (N.D. Cal. Sept. 17, 2020). "It is [thus] proper under CAFA to consider [Keurig's] cost of compliance with an injunction just as it is proper to consider [Plaintiff's] benefit from the injunction." *Guerard v. CAN Fin. Corp.*, 2009 WL 10710608, *3 (N.D. Cal. July 31, 2009).

50. Plaintiff seeks to enjoin Keurig "from continuing to make material

misrepresentations and omissions to California consumers as to their warranty rights" and from no longer "condition[ing] its warranties on the exclusion of third-party repair." Am. Compl. ¶¶ 54(iv), 70, 79.

51. This injunctive relief essentially envisions Keurig undertaking a massive outreach and recall effort. It might require Keurig to: notify current owners of Keurig brewers of Plaintiff's desired warranty; recall Keurig brewers on store shelves, replace the current warranty literature with Plaintiff's desired warranty, and then return those products to store shelves; and train customer service and warranty service representatives about Plaintiff's desired warranty. Undertaking these actions would cost Keurig over ████████ for the Class Products and over ████████ if conducted on a nationwide basis.

### 4. Attorneys' fees.

52. When evaluating CAFA jurisdiction, "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

53. Plaintiff seeks attorneys' fees. *See* Am. Compl., Prayer for Relief ¶ (f). "[T]he UCL authorize[s] the recovery of attorneys' fees." *Rosbacka v. John Johnson's Cars*, 2016 WL 7046502, *7 (S.D. Cal. Dec. 5, 2016).

54. "In the CAFA context, the Ninth Circuit has established that 25% of the common fund is a fair estimate of attorneys' fees." *Nelson v. CORT Business Services Corp.*, 2020 WL 4562232, *3 n.3 (C.D. Cal. Aug. 7, 2020).

55. At a 25% rate, a request for attorney's fees puts the amount in controversy over the $5,000,000 threshold so long as the valuation of what is in controversy, outside of attorneys' fees, is at least $4,000,001. (25% of $4,000,000 is $1,000,000. And $4,000,000 plus $1,000,000 is $5,000,000.)

56. Because Plaintiff's request for restitution, declaratory relief, and injunctive relief is at or more than $4,000,001, as discussed above, Plaintiff's request

1   for attorneys' fees confirms that the amount in controversy exceeds $5,000,000.

2   57.   Alternatively, under a lodestar method, attorneys' fees are "calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000).

3   58.   In California, the median rate for attorneys handling class action cases is $488. *See, e.g.*, https://burdgelaw.com/wp-content/uploads/2021/11/US-Consumer-Law-Attorney-Fee-Survey-Report-w-Table-of-Cases-091119.pdf, at PDF p. 78 (last visited July 24, 2023). Indeed, seven years ago, the rates for Plaintiff's retained counsel in the class action context ranged "from . . . $300 to $650 for attorney work." *McCrary v. Elations Co., LLC*, 2016 WL 769703, *11 (C.D. Cal. Feb. 25, 2016). It is likely that these rates have increased.

4   59.   Moreover, Plaintiff's retained counsel reasonably expends thousands of hours in class action cases, averaging about 1,000 hours per year. *See, e.g.*, *id.* (4,489.75 hours in a class action case over about four years).

5   60.   While the Court should dismiss with prejudice the entirety of Plaintiff's claims—thus putting an end to this litigation at the outset—the *prospective* value of attorneys' fees considers what could be plausibly recovered throughout the life of a class action case. The prospective value of attorneys' fees must account for Rule 12 motions practice, fact and expert discovery, summary judgment practice, class certification motions practice, and trial. As a result, a reasonable, plausible estimate of attorney time includes several thousands of hours over about four years.

6   61.   Under a lodestar calculation, a reasonable, plausible estimate of prospective attorneys' fees in this case ($488 average fee * 1,000 hours * 4 years) is $1,952,000. When added to the other values put in controversy, attorneys' fees calculated under a lodestar method confirm that the amount in controversy exceeds $5,000,000.

*

62. Considering all relief requested by Plaintiff and the putative class, the amount in controversy exceeds $5,000,000.

## MISCELLANEOUS

63. This action has not been previously removed to federal court.

64. By filing this notice of removal, Keurig does not waive any defenses, either procedural or substantive, that may be available. No statement or omission in this notice is an admission of any allegations of or damages sought in the amended complaint.

65. Keurig reserves and does not waive its right to amend this notice of removal and offer evidence supporting the Court's jurisdiction over this action.

66. If any question arises as to the propriety of removal to this Court, Keurig requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

## CONCLUSION

67. This Court has original jurisdiction over this action under CAFA. The parties are minimally diverse, the proposed class exceeds 100 members, and the amount in controversy exceeds $5,000,000.

Keurig therefore requests, under 28 U.S.C. §§ 1332, 1441, 1446, and 1453 that the State Court Action be removed to the United States District Court for the Central District of California, Eastern Division, and that the Court assume jurisdiction over this action and enter such orders necessary to accomplish the requested removal and promote the ends of justice.

| | |
|---|---|
| DATED: July 28, 2023 | Respectfully submitted,<br><br>McGUIREWOODS LLP<br><br>By: _____<br>Nicholas J. Hoffman<br>Attorneys for Defendant,<br>KEURIG GREEN MOUNTAIN, INC. |